UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


MICHAEL BENJAMIN,
     Petitioner,


     v.                                       CIVIL ACTION NO. 13-11122-GAO


GARY RODEN,
     Respondent.


REPORT AND RECOMMENDATION ON
PETITION UNDER 28 U.S.C. § 2254
<u>FOR A WRIT OF HABEAS CORPUS (#1)</u>


KELLEY, U.S.M.J.


## I. INTRODUCTION

*Pro se* Petitioner Michael Benjamin seeks a Writ of Habeas Corpus under 28 U.S.C. § 2254.  On January 25, 2008, a Massachusetts jury convicted Benjamin of armed robbery and assault by means of a dangerous weapon.  He was thereafter convicted of being a habitual offender on the armed robbery conviction in a jury-waived trial before Judge Brady and sentenced to life in prison.

Benjamin filed his Petition for Habeas Corpus on May 6, 2013. (#1.)  On June 25, 2013, Respondent filed his Answer  (#13) and the following day a Supplemental Answer. (#14.)  Petitioner's Memorandum in Support of Petition for Habeas Corpus was submitted December 6, 2013 (#18) and Respondent's Memorandum in

Opposition was filed on January 17, 2014. (#20.) On January 23, 2014, Petitioner filed a Response to Opposition of Habeas Corpus. (#21.) Benjamin filed a supplemental citation of authority (#24) on May 19, 2014. At this time the filings on the Petition for Writ of Habeas Corpus are complete.

## II. BACKGROUND

### A. Factual Background

Petitioner was convicted of armed robbery and assault by means of dangerous weapon based on an incident that occurred on January 31, 2007. According to the record, Benjamin confronted the victim, Vanessa Sweeney, with a knife at her apartment building, took her bag and ran away. (#14 at 23.) The police searched the area and found Petitioner who was identified by Ms. Sweeney as her attacker. (#14 at 23.)

### B. State Procedural Background

Benjamin was convicted of armed robbery and assault by means of a dangerous weapon by a Massachusetts jury on January 25, 2008. In a jury-waived proceeding on January 28, 2008, Judge Brady convicted him as a habitual offender based on the armed robbery conviction and sentenced him to life imprisonment together with a concurrent sentence of four to five years in prison on the assault charge. According to the Petition, Benjamin filed a direct appeal to the Massachusetts Appeals Court on

the grounds that the habitual offender statute requires evidence of commitment to prisons which was not fulfilled in this case. (#1.) The direct appeal was denied and the conviction affirmed on March 11, 2010. (#1.) Benjamin filed an application for further appellate review, which was denied on April 28, 2010. (#1.)

On July 9, 2010, Petitioner filed a Motion for a New Trial in state court raising five claims: 1) deprivation of his Sixth Amendment right to a fair trial by allowing a juror with a criminal record to sit on the jury and deliberate; 2) ineffective assistance of counsel when counsel failed to request removal of the juror with a criminal record; 3) ineffective assistance of counsel when counsel failed to recognize Benjamin had a history of mental health issues and a low I.Q. that rendered his criminal conduct beyond his control; 4) ineffective assistance of counsel when counsel failed to inform the Court that during the jury waiver colloquy Petitioner was on medication; and 5) the jury waiver colloquy was inadequate based on the Court's failure to inquire if Petitioner was on medication at the time of the colloquy. (#14 at 166-167.)

Benjamin was appointed counsel and on March 21, 2011, his attorney filed a supplemental memorandum in support of Petitioner's Motion for a New Trial. (#14 at 159-164.) The supplemental memorandum raised the following two issues: 1) trial counsel's failure to investigate Petitioner's mental health condition constituted ineffective assistance of counsel where Benjamin was not permitted to participate

fully in his own defense; and 2) trial counsel's failure to investigate Petitioner's mental health condition constituted ineffective assistance of counsel where Petitioner was not provided the opportunity to present evidence that he lacked the specific intent necessary under the statute. (#14 at 159-164.)

On April 15, 2011, Judge Brady denied the Motion for a New Trial without an evidentiary hearing, finding that none of the aforementioned issues were raised on direct appeal and as such, the claims were waived. (#14 at 181-182.) Addressing the merits, the denial focused on Petitioner's failure to produce anything by way of affidavit or otherwise to indicate that he had a viable mental health defense which would support the ineffective assistance of counsel claim.[1] Judge Brady reviewed the jury waiver colloquy transcript and determined that nothing in the colloquy showed the waiver was defective, or that Petitioner did not understand the questions or proceedings. (#14 at 182.)

On November 3, 2011, Petitioner filed a brief with the Massachusetts Appeals Court seeking reversal of the trial court's decision. (#14 at 19-35.) In addition to raising again the claims set forth in his Motion for a New Trial, Benjamin argued that

---

[1]

The Judge wrote: "In particular, he has failed to provide 1) an affidavit from his trial counsel; 2) his mental health records; or 3) an affidavit from a mental health expert." (#14 at 182.) Further, "in the jury waiver colloquy between the court and defendant prior to trial of the habitual offender portion of the indictment, the defendant said that he had never been treated for any form of mental illness or mental condition." (#14 at 182 citing Tr. 3-108.)

4

under Rule 30(c)(3)[2] he had raised a "substantial issue" by means of his submitted affidavits that entitled him to relief and an evidentiary hearing. (#14 at 34.)  In May 2012 the Commonwealth responded, arguing that a "substantial issue" had not been raised by Petitioner. (#14 at 73-128.)

On January 17, 2013, the Massachusetts Appeals Court affirmed the lower court's decision.  (#14 at 153-158); *see Commonwealth v. Benjamin*, 83 Mass. App. Ct. 1107, 981 N.E.2d 233 (Table),  2013 WL 172522 (Mass. App. Ct. Jan. 17, 2013), *rev. denied*, 464 Mass. 1107, 984 N.E.2d 296 (2013)(Table).  Although Petitioner's first two claims (juror with a felony record should not have been permitted to serve and the jury waiver colloquy was defective) were deemed waived because they were not raised on direct appeal as required by Massachusetts Rules of Criminal Procedure 30,[3] the Court nevertheless addressed the merits. (#14 at 155-154); *Commonwealth v. Benjamin*, 2013 WL 172522, at 1.   The first claim was found to be without merit

---

[2]

      Mass. R. Crim. P. 30(c)(3) provides: "Moving parties shall file and serve and parties opposing a motion may file and serve affidavits where appropriate in support of their respective positions. The judge may rule on the issue or issues presented by such motion on the basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits."

[3]

      Mass. R. Crim. P. 30(c)(2) provides: "All grounds for relief claimed by a defendant under subdivisions (a) and (b) of this rule shall be raised by the defendant in the original or amended motion.  Any grounds not so raised are waived unless the judge in the exercise of discretion permits them to be raised in a subsequent motion, or unless such grounds could not reasonably have been raised in the original or amended motion."

under Massachusetts law because a potential juror is disqualified only if the juror has been convicted of a felony within the past seven years.[4] (#14 at 156); *Id.* The seven year period had expired for juror disqualification in Benjamin's case because twenty-eight years had passed since the subject juror had been incarcerated.[5] (#14 at 156); *Id.*

The next claim involving the adequacy of the jury waiver colloquy was determined to be unavailing based on the lack of identification in Benjamin's affidavits of any drugs or medication that would have interfered with his ability intelligently and voluntarily to waive his right to a jury trial. (#14 at 156-157); *Id.*

The remaining claim was the one for ineffective assistance of counsel. *Id.* The Appeals Court affirmed the trial court's conclusion that Petitioner "failed to meet his burden of showing he had a viable mental health defense that was not raised at trial."

---

[4]

    Mass. Gen. L. c. 234A § 4(7) provides:

> Any citizen of the United States who is a resident of the judicial district or who lives within the judicial district more than fifty per cent of the time, whether or not he is registered to vote in any state or federal election, shall be qualified to serve as a grand or trial juror in such judicial district unless one of the following grounds for disqualification applies: (7) Such person has been convicted of a felony within the past seven years or is a defendant in a pending felony case or is in the custody of a correctional institution.

[5]

    The juror in question had been convicted in 1979 and finished probation in 1980. Benjamin's trial took place in 2008. (#14 at 156.)

(#14 at 157.); *Id.* Not only did Benjamin offer merely "his own self-serving affidavit," but in addition "during his jury waiver colloquy, the defendant stated he had never been treated for any mental health condition. For the same reasons, trial counsel was not ineffective for not requesting a jury instruction relative to the defendant's ability to form the necessary intent to commit the crimes."[6] (#14 at 157); *Id.*

On February 5, 2013, Benjamin filed an application for further appellate review. (#14 at 135-151.) His application claimed that the denial of a new trial without an evidentiary hearing deprived him of his 5th and 14th Amendment rights to present his mental health conditions and to disqualify a felon from sitting on his jury. (#14 at 141.) On March 1, 2013, the Supreme Judicial Court of Massachusetts denied Benjamin's application for further appellate review. (#1-1.)*; see Commonwealth v. Benjamin*, 464 Mass. 1107, 984 N.E.2d 296 (2013)(Table).

### III. DISCUSSION

#### A. Standard of Review

The First Circuit has had occasion to summarize succinctly the applicable standard of review:

---

[6] The Court noted Benjamin's "failure to produce an affidavit from his trial counsel, an affidavit from any mental health professional or any mental health records." (#14 at 157.)

In order to obtain habeas relief from state custody, a petitioner must show that the state court's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.' 28 U.S.C. § 2254(d)(1). A state court's ruling is contrary to federal law either when it adopts a rule that 'contradicts the governing law set forth in the Supreme Court's cases' or when it reaches a different result from a Supreme Court decision under 'a set of facts that are materially indistinguishable.' *John v. Russo*, 561 F.3d 88, 96 (1st Cir. 2009) (quotations omitted). Even if the state court correctly identifies the law, it may unreasonably apply the law to the facts of the case. To be unreasonable, however, the application of federal law must be 'more than incorrect or erroneous.' *Yeboah–Sefah* [*v. Ficco*], 556 F.3d [53] at 65 [(1st Cir. 2009)] (citing *Williams v. Taylor*, 529 U.S. 362, 411, 120 S. Ct. 1495, 146 L. Ed.2d 389 (2000)). In other words, 'some increment of incorrectness beyond error is required.' *Morgan v. Dickhaut*, 677 F.3d 39, 47 (1st Cir.2012) (quotations and citations omitted).

*Rosenthal v. O'Brien,* 713 F.3d 676, 682-683 (1st Cir.), *cert. denied*, 134 S. Ct. 434 (2013).

## B. Overview of Claims

Benjamin's Petition (#1) and memorandum (#18) together raise the following claims: 1) Petitioner was deprived of his 5th and 6th Amendment rights to a fair trial when a juror with a felony criminal record was allowed to stay on the panel; 2) ineffective assistance of counsel by trial counsel in not requesting removal of the juror with a felony record; 3) ineffective assistance of counsel by trial counsel's failure to investigate Petitioner's mental health records and drug use to raise a defense of

diminished capacity; 4) the trial court's jury waiver colloquy was defective in failing

to inquire whether Benjamin was on drugs or medication at the time of the colloquy;

and 5) Petitioner requested and was denied an evidentiary hearing to present mental

health records. Each of these claims shall be considered *seriatim*.

## *C. Analysis of Claims*

### GROUND 1: Disqualification of a Juror with a Felony Record

This claim was raised for the first time in Petitioner's Motion for a New Trial,

not his direct appeal. Defendant argues that Petitioner has procedurally defaulted on

his claim. (#20.) Specifically, the claim is waived because Benjamin did not address

this issue in his direct appeal although it could have been raised. *See* Mass. R. Crim.

P. 30 (2); *Commonwealth v. Lavoie*, 464 Mass. 83, 87 n. 8, 981 N.E.2d 192, 197 n.

8 (2013) ("A procedural waiver occurs when a litigant fails to raise at trial or on

appeal a claim that he could have raised.") (internal citation and quotation marks

omitted); *Janosky v. St. Amand*, 594 F.3d 39, 44 (1st Cir. 2010) ("Federal habeas

review of a particular claim is precluded in circumstances in which a state prisoner has

defaulted on that claim in state court by virtue of an independent and adequate state

procedural rule.") (citing *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546

(1991)). Further, Petitioner did not raise a contemporaneous objection at trial to this

juror being seated, yet another basis upon which to find waiver. *Janosky,* 594 F.3d

at 44 ("We have held, with a regularity bordering on the monotonous, that the Massachusetts requirement for contemporaneous objections is an independent and adequate state procedural ground, firmly established in the state's jurisprudence and regularly followed in its courts."). To the contrary, Benjamin "agreed the juror should not be dismissed." (#14 at 131.); *Benjamin*, 2013 WL 172522, at *1.

In his response, Benjamin relies on the decision in *Commonwealth v. Hallet,* 427 Mass. 552, 554, 694 N.E.2d 845, 846 (1998), as a cure to any procedural defaults. (#21.) The *Hallet* case, however, was abrogated by the decision in *Commonwealth v. Bly* wherein the Supreme Judicial Court "abandon[ed] the power of resurrection in criminal cases." 444 Mass. 640, 648-649, 830 N.E.2d 1048, 1056 (2005). With no resurrection available, there is no question that the claim regarding disqualification of a juror with a felony record has been procedurally defaulted.

The First Circuit has explained that:

> Ordinarily, a federal habeas court may not review a state prisoner's claims where a state court has 'declined to address [those] claims because the prisoner ... failed to meet a state procedural requirement,' and where this decision 'rests on independent and adequate state procedural grounds.' *Maples v. Thomas*, – U.S. – , 132 S. Ct. 912, 922, 181 L. Ed.2d 807 (2012) (alteration in original) (quoting *Walker v. Martin*, – U.S. – , 131 S. Ct. 1120, 1127, 179 L. Ed.2d 62 (2011)) (internal quotation marks omitted). This independent and adequate state grounds doctrine 'is grounded in concerns of comity and federalism.' *Coleman v. Thompson*, 501 U.S. 722, 730, 111 S. Ct. 2546, 115 L.

Ed.2d 640 (1991). '[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance.' *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S. Ct. 1587, 146 L.Ed.2d 518 (2000) (alteration in original) (quoting *Coleman*, 501 U.S. at 732, 111 S. Ct. 2546) (internal quotation marks omitted).

*Costa v. Hall*, 673 F.3d 16, 23 (1st Cir. 2012); *Rosenthal*, 713 F.3d at 683; *Janosky*, 594 F.3d at 44.

Although the Massachusetts Appeals Court conducted a merits analysis of Benjamin's claims under the miscarriage of justice standard, "[t]his discretionary miscarriage-of-justice review does not amount to a waiver" of the state's independent and adequate procedural rules. *Janosky*, 594 F.3d at 44. In order for the procedural default to be excused and the bar to federal habeas review lifted, Petitioner must "'demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Obershaw v. Lanman*, 453 F.3d 56, 68 (1st Cir. 2006), *cert. denied*, 549 U.S. 1125 (2007) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *Costa*, 673 F.3d at 23 ("Thus, a petitioner must demonstrate cause for any state-court procedural default of federal claims, and prejudice therefrom, before the federal courts may consider the merits of those claims.").

Benjamin makes no effort to demonstrate cause for default and prejudice.[7]  To show a miscarriage of justice, Petitioner contends the error resulting from juror bias can never be harmless, and fundamentally requires a new trial without a showing of actual prejudice. (#18.) (citing *U.S. v. Sampson*, 724 F.3d 150 (1st Cir. 2013)). Relying on *United States v. Carpa*, 271 F.3d 963 (11th Cir. 2001), Petitioner argues that "juror dishonesty is a strong indication of bias." (#18.)  *Carpa* holds, however, that in order "[t]o obtain a new trial for juror misconduct during *voir dire*," it must be established that "a correct response [from the juror] would have provided a valid basis for a challenge for cause." 271 F.3d at 967 (footnote and citation omitted); *Sampson,* 724 F.3d at 165 ("To secure a new trial … a party must show that a juror failed to answer honestly a material question" at voir dire, and "then further show that a correct response would have provided a valid basis for a challenge for cause.")[8]; *U.S. v.*

---

[7]
 In order to show prejudice, Benjamin would have to demonstrate "not merely that the errors ... created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Costa v. Hall*, 673 F.3d 16, 26 (1st Cir. 2012) (internal citations, quotations marks and emphasis omitted).  There is no such showing here.

[8]
 Petitioner relies heavily on the *Sampson* case in his Response to Respondent's Opposition to Petition for Habeas Corpus. In *Sampson,* the defense raised allegations after trial of juror dishonesty during *voir dire*.  The trial judge "prudently" conducted an evidentiary hearing. *Sampso*n, 724 F.3d at 156.  It emerged that a juror had lied about the involvement of a family member with the courts. The First Circuit held that "[a]lthough juror dishonesty, by itself, is not sufficient to demonstrate bias, it can be a powerful indication of bias." *Id.* at 167. "[A] party seeking a new trial based on juror dishonesty during *voir dire* must satisfy a binary test.  The party must show, first, that the juror failed to answer honestly a *voir dire* question." *Id.* (citing *McDonough Power Equipment Inc. v. Greenwood*, 464 U.S. 548, 556 (1984)). Second, the party must show that a truthful answer

*Perkins*, 748 F.2d 1519, 1532 (11 Cir. 1984) ("A party who seeks a new trial because of non-disclosure by a juror during voir dire must show actual bias").

In this instance the juror was not subject to a challenge for cause due to his felony record. Under Massachusetts General Laws chapter 234A §4(7), a juror is disqualified from service if the juror has been convicted of a felony within the past seven years or is in the custody of a correctional institution. The juror at issue was convicted in 1979 and his probation terminated in 1980. Petitioner's trial was in 2008. Regardless of whether the juror was dishonest, juror disqualification was not mandated by the statute.

Benjamin next argues juror bias and prejudice at his trial because the juror was arrested in 1979 by the same arresting officers who arrested Petitioner. (#18.) That fact alone, however, does not suffice to establish juror impartiality. "The defendant has the burden of showing that the juror was not impartial and must do so by a preponderance of the evidence." *Commonwealth v. Amirault,* 399 Mass. 617, 626, 506 N.E.2d 129, 135 (1987) (citing *Commonwealth v. Tavares,* 385 Mass. 140, 156, 430 N.E.2d 1198, *cert. denied*, 457 U.S. 1137 (1982)). In the absence of clear abuse of discretion or a showing that the judge's findings were clearly erroneous, the judge's

---

"'would have provided a valid basis for a challenge for cause.'" *Id*. (quoting *McDonough*, 464 U.S. at 556). In the circumstances of this case, the juror's prior arrest and incarceration were not grounds for a challenge for cause.

ruling will not be disturbed on appeal. *Id.* "[A] finding of fact by the trial judge will not be deemed 'clearly erroneous' unless the reviewing court on the entire evidence is left with the firm conviction that a mistake has been committed." *Id. (*quoting *New England Canteen Serv., Inc. v. Ashley,* 372 Mass. 671, 675, 363 N.E.2d 526 (1977)). The fact of a distant interrelationship between the juror and police officers alone does not suggest that a mistake was made. Ground 1 of the Petition must fail.

<u>GROUND 2: Ineffective Assistance of Counsel - Failure to Request</u>
<u>Removal of Juror with Felony Record</u>

To succeed on a Sixth Amendment claim of ineffective assistance of counsel, a defendant must establish that his "counsel's representation 'fell below an objective standard of reasonableness'" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Moreno-Espada v. United States*, 666 F.3d 60, 64 (1st Cir. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010)) (further internal quotation marks and citation omitted). Under *Strickland*, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). With regard to the performance aspect of the standard, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' and [a petitioner] 'must overcome the presumption that . . . the challenged action might be considered sound trial strategy.'"

*Tevlin v. Spencer*, 621 F.3d 59, 66 (1st Cir. 2010) (quoting *Strickland*, 466 U.S. at 689).  Accordingly, "a lawyer's performance is deficient under *Strickland* 'only where, given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it.'" *Id.* (quoting *Knight v. Spencer*, 447 F.3d 6, 15 (1st Cir. 2006)).

Under AEDPA a state court's determination of an ineffective assistance of counsel claim is evaluated under § 2254(d).  This clause states that a writ of habeas corpus may not be granted unless the state court decision "involved an unreasonable application of clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d)(1) and (2).  The Supreme Court recently underscored the deferential standard that applies to a § 2254 claim based on ineffective assistance of counsel:  "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland's* standard . . . A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."  *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011).  This standard has also been called "doubly deferential." *Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009) (doubly deferential judicial review applies to

a *Strickland* claim evaluated under § 2254(d)); *Yarborough v. Alvardo*, 541 U.S. 652, 664 (2004) (judicial review of attorney is doubly deferential when conducted through the lens of federal habeas); *Jewett v. Brady*, 634 F.3d 67, 75 (1st Cir. 2011)("The Supreme Court has recently reinforced the 'double' deferential standard that applies to a state prisoner's claims in a federal habeas petition that a state court has unreasonably applied the *Strickland* principles.").

The Massachusetts Appeals Court held: "Because there is no substantial risk of miscarriage of justice for the seating of the juror, counsel cannot be found to be ineffective for failing to object to the seating of the juror." (#14 at 131); *Benjamin*, 2013 WL 172522, at 1 n. 1 (citing *Commonwealth v. Curtis*, 417 Mass. 619, 625 n. 4, 632 N.E.2d 821, 826 n. 4 (1994) ("Our view is that if an omission of counsel does not present a substantial risk of a miscarriage of justice in a situation such as this, there is no basis for an ineffective assistance of counsel claim under either the Federal or the State Constitutions.")). The state court's application of the *Strickland* test was reasonable in light of the facts presented. Ground 2 of the Petition must fail.

GROUND 3: Ineffective Assistance of Counsel - Failure to Investigate Petitioner's Mental Health Records and Raise Diminished Capacity Defense

Petitioner claims his Sixth Amendment right to effective assistance of counsel was violated by trial counsel's failure to investigate his mental health records. (#18.) According to Benjamin, this failure deprived him of the discovery of evidence that

could have led to a potential defense of diminished capacity brought on by mental deficiency and drug use. (#18.)

Affirming the trial judge's decision on the motion for a new trial, the Appeals Court concluded that Benjamin "failed to meet his burden of showing he had a viable mental health defense that was not raised at trial." (#14 at 131.); *Benjamin*, 2013 WL 172522, at 1. This failure was due to the fact that Petitioner relied solely upon "his own self-serving affidavit"; Benjamin offered no "affidavit from the [his] trial counsel, any affidavit from a mental health professional, or any mental health records" in support of his claim. *Id.* Moreover, "during his jury waiver colloquy, the [Petitioner] stated he had never been treated for any mental health condition." *Id.*

*Strickland* "permits counsel to 'make a reasonable decision that makes particular investigations unnecessary.'" *Harrington*, 131 S. Ct. at 788 (quoting *Strickland*, 466 U.S. at 691). Petitioner must overcome the state court's decision that he failed to raise a substantial issue on his claim under AEDPA's double deference standard. His attempts to meet this burden with only bald assertions is not enough.

Petitioner's claim for ineffective assistance of counsel based on failure to investigate mental health records and develop a defense of diminished capacity is without merit.

GROUND 4:  Adequacy of the Jury Waiver Colloquy

Like Ground 1, this claim was raised for the first time in Petitioner's Motion for a New Trial.  (#14 at 159-180.)   In his Petition, Benjamin asserts:  "The Court failed to inquire into defendant's health complications during the colloquy of the jury trial waiver which did affect the defendant's judgment to waive a jury trial." (#1 at 8.)  This ground for relief under 28 U.S.C. § 2254 was not mentioned or expanded upon in Petitioner's memorandum. (#18.)

The First Circuit has held that "[a]rguments raised in only a perfunctory and undeveloped manner are deemed waived on appeal." *U.S. v. Sevilla-Oyola*, 770 F.3d 1, 13 (1st Cir. 2014); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. As we recently said in a closely analogous context:  Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." (internal citation and quotation marks omitted)).  This reasoning in applicable in the habeas context. *See*, e.g., *Glacken v. Dickhaut*, 585 F.3d 547, 551 (1st Cir.2009); *DeBurgo v. St. Amand*, 587 F.3d 61, 72 n. 14 (1st Cir.2009).  In the absence of any factual or legal development of this claim

in the Petitioner's memorandum (#18) or his response (#21) , Ground 4 of the Petition is deemed to have been waived.

GROUND 5: Denial of an Evidentiary Hearing for Petitioner
to Present Mental Health Records

In his Petition, Benjamin states that he " has not been given a hearing to present mental health records" (#1 at 10) as a ground for relief.  This claim is not mentioned in Petitioner's memorandum (#18) or his response (#21).  In the absence of any factual or legal development of this claim, Ground 5 of the Petition is deemed to have been waived.

IV. CONCLUSION

For all the reasons stated, I RECOMMEND that Benjamin's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (#1) be DENIED.

V. REVIEW BY THE DISTRICT JUDGE

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further

appellate review.  *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1st  Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st  Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603(1st  Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).


<u>/s/ M. Page Kelley</u>
M. Page Kelley
United States Magistrate Judge

January 15, 2015.