# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BENJAMIN, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * Civil Action No. 13-cv-11122-ADB |
| | * |
| GARY RODEN, | * |
| | * |
| Respondent. | * |

## ORDER

March 31, 2015

On May 6, 2013, Petitioner Michael Benjamin ("Petitioner" or "Mr. Benjamin") filed a Petition for Writ of Habeas Corpus (D. 1). Respondent answered the Petition on June 25, 2013 (D. 13). On December 6, 2013, Petitioner filed a Memorandum of Law in Support of his Petition D. 18). Respondent filed his Memorandum in Opposition on January 17, 2014 (D. 20) and Petitioner filed a response to this on January 23, 2014 (D. 21). On October 14, 2014, the matter was referred to Magistrate Judge M. Page Kelley, (D. 28) and she issued a Report and Recommendation on January 15, 2015 (D. 32), in which she recommended, after a thorough and thoughtful analysis, that Mr. Benjamin's petition be denied. Petitioner filed his objections to the Report and Recommendation on February 17, 2015 (D. 35).

Although his original Petition raised a number of claims, Mr. Benjamin has raised only two objections to the Report and Recommendation. This Court, pursuant to 28 U.S.C. § 636(b), must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which the Petitioner has objected. Accordingly, the Court addresses Mr. Benjamin' two objections in turn.

Mr. Benjamin's first objection is that "[d]ue to his mental health and medical condition he requests de novo review since his mental health caused him to lack criminal responsibility." (D. 35). He further asserts that he was not given an adequate opportunity to produce his mental health records. In fact, a petitioner is not entitled to de novo review of his underlying conviction. He is only entitled to de novo review of his habeas petition and the legal claims that were reviewed by the Magistrate Judge and to which he now objects. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). "[H]abeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Harrington v. Richter, 562 U.S. 86, 102-03 (2011) (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979)). This court therefore does not have the authority to review de novo a jury's determination regarding Petitioner's criminal responsibility.

To the extent that Mr. Benjamin is also suggesting that his counsel was ineffective in failing to investigate his mental health, that claim too fails. Under Strickland v. Washington, to establish ineffective assistance of counsel, a petitioner must show that counsel's performance was significantly deficient and that he was prejudiced by the deficient performance. 466 U.S. 668, 687 (1984). In other words, as the Magistrate Judge recognized, "[t]o succeed on a Sixth Amendment claim of ineffective assistance of counsel, a defendant must establish that his 'counsel's representation fell below an objective standard of reasonableness' and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" (D. 32, p. 14) (quoting Moreno-Espada v. United States, 666 F.3d 60, 64 (1st Cir. 2012) (further internal quotation marks and citations omitted). Further, where, as

here, the Massachusetts Appeals Court had already addressed the merits of Petitioner's Sixth Amendment claim, the district court is limited to reviewing whether the Appeals Court's application of the Strickland standard was unreasonable. See Harrington, 562 U.S. at 785.[1]

In the instant case, Petitioner produced no evidence, other than his own affidavit, in support of his claim that he had a viable mental health defense that his counsel was aware of, but failed to investigate. Petitioner also stated during his own jury waiver colloquy that he had never been treated for any form of mental illness or mental condition. (D. 14, pp. 46-47, 122). On this record, this court agrees with the Magistrate Judge that the Appeals Court did not apply Strickland unreasonably. (D. 14, pp. 157-58).

Mr. Benjamin's second objection is that the Magistrate Judge erred "[w]here Petitioner has a Sixth Amendment Right to Effective Assistance of Counsel to Remove Dishonest Juror, and Effective Assistance of Counsel at all stages of the proceedings." (D. 35). Specifically, he objects to the Magistrate Judge's finding that he was not denied effective counsel based on his counsel's alleged failure to object to a "dishonest" juror. Again, because this issue was already considered by the Massachusetts Appeals Court, this court is limited to reviewing whether the Appeals Court's application of the Strickland standard was unreasonable. See Harrington, 562 U.S. at 785.

Notably, Petitioner does not object to the Magistrate Judge's findings with regard to his claim that the juror with the criminal record should have been disqualified. Despite the claim being procedurally defaulted, it was reviewed on the merits by the Magistrate Judge and the

---

[1] In Harrington, the Supreme Court explained that this standard "is different from asking whether defense counsel's performance fell below Strickland's standard." 562 U.S. at 785. "A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself." Id.

3

Massachusetts Appeals Court, both of whom found that the juror was not subject to a challenge for cause because his conviction was more than seven years old. Further, the juror's criminal record was brought to the attention of counsel, who considered the issue and then decided not to object to the juror continuing to serve on the jury. (D. 14, pp. 176-177). There is nothing in the record to suggest that this was not a reasonable trial strategy. With this background, the Appeals Court found that "[b]ecause there is no substantial risk of a miscarriage of justice for the seating of the juror, counsel cannot be found to be ineffective for failing to object to the seating of the juror." (D. 14, p. 157). In other words, counsel cannot be found to be ineffective for allowing a statutorily eligible juror to be seated under these circumstances. This court therefore finds that, with regard to Petitioner's second objection, the Appeals Court's application of <u>Strickland</u> was also not unreasonable. See <u>Harrington</u>, 562 U.S. at 785.

After reviewing the Report and Recommendation and considering the Petitioner's objections, for the reasons stated herein and in the Report and Recommendation, the Court <u>ACCEPTS</u> and <u>ADOPTS</u> the Report and Recommendation (D. 32). Accordingly, Mr. Benjamin's Petition for a Writ of Habeas Corpus is DISMISSED.

**SO ORDERED.**

Dated: March 31, 2015

<u>/s/ Allison D. Burroughs</u>
ALLISON D. BURROUGHS
DISTRICT JUDGE